FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 2 6 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

DANIEL ARIAS,

                           Plaintiff,

         - against -

BUDGET TRUCK TRUST I,

                          Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION
AND ORDER REMANDING
CASE TO STATE COURT**

09 Civ. 0774 (BMC)

**COGAN, District Judge.**

Defendant has removed this vehicle accident case from state court. The state court complaint alleges that defendant is engaged in the business of renting trucks, and one of its rented trucks allegedly collided with plaintiff. In its notice of removal, defendant asserts federal question jurisdiction based on the Graves Amendment, 49 U.S.C. § 30106, which provides, in part:

> (a) In general.--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
>
> (b) Financial responsibility laws.--Nothing in this section supersedes the law of any State or political subdivision thereof--
>
> (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or

(2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

Defendant contends that the Graves Amendment makes the case removable under the "complete preemption doctrine." Alternatively, defendant alleges that there is diversity of citizenship between the parties. Having examined its subject matter jurisdiction *sua sponte*, as the Court is required to do, see Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S.Ct. 1920, 1937 (2004), the Court holds that subject matter jurisdiction is lacking.

There is no indication in the Graves Amendment that Congress intended to vest exclusive jurisdiction in the federal courts over vehicle accident cases involving leasing companies. Rather, the face of the statute indicates that it may be raised as a defense against vicarious liability claims arising under state law, regardless of whether the action is brought in state or federal court. The fact that there is a federal defense to a state law claim does not mean that the state law claim is to be recast as federal. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229 (1986). As the Second Circuit has noted:

> [I]f a complaint alleges only state law based causes of action, it cannot be removed from state court to federal court even if there is a federal defense. ... Federal preemption is a defense, and therefore, the general rule is that even if a state law based cause of action is preempted by federal law, the case cannot be removed.

Hernandez v. Conriv Realty Associates, 116 F.3d 35, 38 (2d Cir. 1997) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). Although the doctrine of complete preemption constitutes an exception to this rule, it is only applicable in the rare instances where "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-

law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 (quotations omitted).

The Graves Amendment stands in contrast to the few areas where the complete preemption doctrine applies, such as cases requiring the interpretation of benefit plans under §502(a) of ERISA, 29 U.S.C. §1132(a), or collective bargaining agreements under §301 of the Taft-Hartley Act, 29 U.S.C. §185(a). In these latter areas, Congress has "federalized" the contracts in question to provide uniform interpretation in the federal courts and promote important federal policies. No such language or intent appears in the Graves Amendment. It simply provides a defense to leasing companies against negligence claims by injured parties. To that extent, it "preempts" the state law negligence claim, but the cases are clear that preemption as a defense and complete preemption as a basis for removal are distinct. "Many federal statutes – far more than support complete preemption – will support a defendant's argument that because federal law preempts state law, the defendant cannot be liable under state law." Sullivan v. American Airlines, Inc., 424 F.3d 267, 272-73 (2d Cir. 2005). Absent diversity, plaintiff would have no right to commence this action in federal court; defendant may therefore not remove it from state court.

As to defendant's reliance on diversity of citizenship as an alternative jurisdictional ground, the allegations are inadequate. Defendant describes itself as "a citizen of the State of Delaware and maintains its principal office" in Virginia. However, there is no allegation that defendant is a corporation, and its name, "Budget Truck Trust I," suggests that it is a business trust. The citizenship of a business trust is not the same as that of a corporation, but, rather, is the same as any other unincorporated business association, i.e., its citizenship is that of each of its

members, beneficiaries, or shareholders. See FMAC Loan Receivable Trust 1997-C v. Strauss, No. 03 Civ. 2190, 2003 WL 1888673, at *1 (S.D.N.Y. April 14, 2003).

Since defendant has failed to allege an adequate basis for subject matter jurisdiction, this case is remanded to state court. However, since diversity of citizenship may in fact be present, remand is STAYED for 10 days, during which defendant, if it is able and so chooses, may file an amended notice of removal that adequately alleges subject matter jurisdiction.

Defendant is directed to serve a copy of this Order upon counsel of record for plaintiff, and if defendant serves plaintiff with an amended notice of removal, plaintiff's counsel is directed to register for ECF filings in this case forthwith.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
February 25, 2009