UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
: 
DANIEL ARIAS, :
: **ORDER VACATING STAY AND**
Plaintiff, : **REMANDING ACTION TO STATE**
: **COURT**
- against - :
: 09 Civ. 0774 (BMC)
:
BUDGET TRUCK TRUST I, :
:
Defendant. :
:
:
------------------------------------------------------------ X

**COGAN, District Judge.**

This Court's Order of February 26, 2009 remanded this removed action to state court because the notice of removal failed to properly allege subject matter jurisdiction. However, the Court stayed its Order to allow defendant to submit an amended notice of removal that cured the deficiency. Defendant has submitted an amended notice of removal, but it has failed to properly allege, let alone demonstrate, diversity of citizenship between these parties. Accordingly, the stay is vacated, and the action is remanded.

This Court's February 26 Order cited defendant to Judge Kaplan's decision in FMAC Loan Receivable Trust 1997-C v. Strauss, No. 03 Civ. 2190, 2003 WL 1888673, at *1 (S.D.N.Y. April 14, 2003). That case made it clear that when the citizenship of an unincorporated business entity – there, like defendant here, a business trust – the citizenship of each of its partners, members, or beneficiaries, as the case may be, is imputed to the entity for diversity purposes and must be alleged. Judge Kaplan's decision is in accord with the great weight of recent authority holding that the citizenship of all of the trust's beneficiaries must be alleged to demonstrate diversity of citizenship. See e.g. Emerald Investors Trust v. Gaunt Parsipanny Partners, 492 F.3d

192 (3d Cir. 2007); Lincoln Nat. Life Ins. Co. v. Balyasnaya J. Life Ins. Trust, No. 08-6315, 2009 WL 198240 (Jan. 23, 2009); San Juan Basin Royalty Trust v. Burlington Resources Oil & Gas Co., L.P., 588 F. Supp.2d 1273 (D. N.M. 2008); Bergeron ex. rel. Ridgewood Elec. Power Trust V v. Ridgewood Elc. Power Trust V, Civil Action No. 07-10622, 2007 WL 1959209 (D. Mass. July 5, 2007).

Instead of properly amending its removal notice, defendant has added additional allegations which neither singly nor collectively demonstrate its citizenship. First, defendant has alleged that its "owner" was another trust, BRAC Trust No. 2004-1 ("BRAC"), which is organized under Delaware law. It further asserts, and has annexed documents showing, that Wilmington Trust Company has been designated as "agent and trustee" for service of process, and then alleges the citizenship of Wilmington Trust.

It then, somewhat contradictorily, alleges that while defendant is "owned" by BRAC, its "beneficial owner" is SMBC Leasing Investment LLC ("SMBC"), "a limited liability corporation organized under the laws of the State of Delaware." The annexed documentation, however, demonstrates that SMBC is not a corporation, but as the "LLC" in its name reflects, a limited liability company. Just as a notice of removal by a trust must allege the citizenship of each of its beneficiaries, it is axiomatic that if one of those beneficiaries is itself a non-corporate business entity, including a limited liability company, then the citizenship of each of that entity's members or beneficiaries, as the case may be, must also be alleged, see Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (1990); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000). Here, neither the identity of the members of SMBC nor their citizenship is alleged.

There are a few additional allegations that confuse the picture further; for example, defendant alleges that none of these various entities "are authorized to do business in New York," which is jurisdictionally immaterial, and that defendant was a "nominee title holder … on behalf of Budget Rent a Car System, Inc. … an affiliate of Avis Budget Group, Inc.," and states the citizenship of those corporate entities. Defendant rounds out its amended notice by alleging that "Budget Trust I is not a corporation nor a partnership and as such, it does not have individual shareholders or members." But as this Court pointed out in its prior Order, a trust does have beneficiaries, and other than listing a limited partnership, SMBC, as one of them, with no identification of who the general and limited partners are, defendant has made no allegation of its citizenship.

To remove a case based on diversity, it is not sufficient to do an internet search and pour out disconnected facts in the hope that somehow, a court will find enough to satisfy subject matter jurisdiction. Like diversity jurisdiction itself, removal jurisdiction is strictly construed, Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002), and any doubts about the propriety of removal are resolved in favor of remand. Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir.1991). Not only is the burden of demonstrating jurisdiction on the party invoking it, Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008), but there is no hardship in requiring defendant to meet that burden on removal since all of the jurisdictional facts relating to its citizenship are exclusively within its control.

Despite two attempts to properly allege grounds for removal, defendant has failed to properly allege its own citizenship, and thus has not alleged grounds for removal. Accordingly, the stay is vacated and this action is remanded to the Supreme Court, Queens County.

**SO ORDERED.**

Signed electronically/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
March 5, 2009